**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KI CHUL SEONG, an individual, and OPEC ENGINEERING CO., LTD., a Korean Corporation | CASE NO.: 18 CV 396 |
| Plaintiffs | COMPLAINT FOR: |
| v. | PATENT INFRINGEMENT |
| BEDRA, INC., an International Foreign Corporation Registered to do Business in Paramus, New Jersey; ALTERNATIVE MACHINE TOOLS, LLC., a Wisconsin Corporation; EDM PERFORMANCE ACCESSORIES, a California Corporation; NINGBO BODE HIGH-TECH CO., LTD., a Chinese Corporation; and DOES 1 through 10, inclusive, | Jury Trial Demanded |
| Defendants | |

## **COMPLAINT**

NOW COME the Plaintiffs, KI CHUL SEONG and OPEC ENGINEERING CO., LTD. (collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint against the Defendants BEDRA, INC., a New Jersey Corporation, ALTERNATIVE MACHINE TOOLS, LLC., a Wisconsin Limited Liability

Company, EDM PERFORMANCE ACCESSORIES, a California Corporation, NINGBO BODE HIGH-TECH CO., LTD., a Chinese Corporation, and Defendant DOES (collectively as "Defendants") allege as follows:

## NATURE OF ACTION

1. This action concerns Defendants' PATENT infringement and unfair competition under the patent laws of the United States of America, Title 35 of the United States Code§271, *et seq*. Jurisdiction is founded on 28U.S.C. §§ 1331 and 1338(a).

## JURISDICTION AND VENUE

2. This is an action for patent infringement, arising under the patent laws of the United States of America, Title 35 of the United States Code. Subject matter jurisdiction is founded on 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to patents).

3. Upon information and belief, this Court has personal jurisdiction over Defendants in that one or more of them have, directly or through agents and intermediaries, committed acts within Illinois giving rise

to this action and/or have established minimum contacts with Illinois such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

4. Upon information and belief, Defendants regularly conduct business in Illinois, and have purposefully availed themselves of the privileges of conducting business in Illinois. In particular, upon information and belief, Defendants, directly and/or through their agents and/or intermediaries, make, use, import, offer for sale, sell, distribute and/or advertise their products and affiliated services in Illinois.

5. Upon information and belief, Defendants have committed patent infringement in Illinois that has led to foreseeable harm and injury to Plaintiffs. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within Illinois and/or expect or should reasonably expect its actions to have consequences within Illinois. In addition, upon information and belief, Defendants knowingly induced, and continue to knowingly induce, infringement within Illinois by offering for sale, selling, and/or contracting to or with others infringing products with the knowledge and intent to facilitate infringing use of the products by others within Illinois and by creating, importing, distributing and/or selling product information and other materials providing

instruction for infringing use.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) for all Defendants.

**PARTIES**

7. Plaintiff KI CHUL SEONG("SEONG") is an individual residing in Korea.

8. Plaintiff OPEC ENGINEERING CO., LTD ("OPEC") is a corporation duly organized and existing under the laws of Korea, with its principal place of business in Korea.

9. Upon information and belief, at all times relevant, Defendant BEDRA, INC. ("BEDRA") is an international foreign corporation registered to do business in Paramus, New Jersey with a distribution/sales warehouse located in the greater Chicago area.

10. Upon information and belief, at all times relevant, Defendant ALTERNATIVE MACHINE TOOLS, LLC. ("ALTERNATIVE") is a Limited Liability Company duly organized and existing under the laws of Wisconsin, with its principal place of business in Dousman, Wisconsin, within a 100-mile radius from Chicago, Illinois; and, upon information and belief, Defendant ALTERNATIVE sells its infringing products in Illinois.

11. Upon information and belief, at all times relevant, Defendant EDM PERFORMANCE ACCESSORIES ("EDM") is a Corporation duly organized and existing under the laws of California, with its principal place of business in Brea, California; and, upon information and belief, Defendant EDM sells its infringing products in Illinois.

12. Upon information and belief, at all times relevant, Defendant NINGBO BODE HIGH-TECH CO., LTD. ("NINGBO") is a Corporation duly organized and existing under the laws of China, with its principal place of business in Ningbo, China; and, upon information and belief, Defendant NINGBO sells its infringing products in Illinois through one or more of Defendants BEDRA, ALTERNATIVE and EDM.

## FACTUAL BACKGROUND

13. Plaintiff SEONG is the inventor and the owner of U.S. Patent No. 6,306,523, U.S. Patent No. 6,482,535, U.S. Patent No. 6,492,036, and U.S. Patent No. 8,822,872 (collectively referred to as "SEONG Patents;" attached hereto as Exhibits A, B, C, D, respectively) related to electrode wires for use in electrical discharge machining.

14. On August 16, 2017, United States Patent and Trademark Office, before the Patent Trial and Appeal Board, claims 1, 3, 4, 6 and 9 of

the U.S. Patent No. 6,492,036 were invalidated, and therefore only claims 2, 5, 7, 8 and 10 of the U.S. Patent No. 6,492,036 (" '036 patent"), which were validated in the same PTAB proceeding, are alleged to be infringed in this complaint.  *See* Case No. IPR2016-00764 ("'764 proceeding") before the U.S. Patent Trial and Appeal Board ("PTAB"). The final decision in Case No. IPR2016-00764 concerning the '036 patent is attached herewith as Exhibit E.  All of the claims in the two other SEONG patents identified above were validated in two other PTAB proceedings consolidated with the '764 proceeding.

15. Plaintiff SEONG has licensed the SEONG Patents to Plaintiff OPEC, and Plaintiff OPEC manufactures, distributes and sells electrode wire according to the SEONG Patents for use in electrical discharge machining, a process used to shape hard materials such as steel.

16. Plaintiff SEONG has not licensed the SEONG Patents to any entity other than Plaintiff OPEC.

17. Plaintiffs, collectively, possess all rights conferred in the SEONG Patents within a field that includes the manufacturing, using, distributing, selling and offering the sale of (1) electrode wire for use in electrical discharge machining, and (2) a certain method of manufacturing such electrode wire.

## Count I

### FEDERAL PATENT INFRINGEMENT, TITLE 35 U.S.C. §271. (AGAINST ALL DEFENDANTS)

18. Plaintiffs incorporate paragraphs 1 through 17 herein by reference and further allege as follows:

19. Upon information and belief, each of Defendants, including each of DOE Defendants, makes, uses, advertises, imports, offers for sale, and/or sells electrode wires for use in electrical discharge machining, including but not limited to, one or more samples of infringing wires as shown in Exhibit F, that directly infringe one or more claims of the SEONG Patents within Illinois and within this Judicial District.

20. A part of relevant test data of the infringing wires shown in Exhibit F are shown in Exhibit G.

21. Upon information and belief, at all times relevant, each of Defendants, including each of DOE Defendants, has both constructive and actual notice of each of the SEONG Patents.

22. Upon information and belief, at all times relevant, each of Defendants, including each of DOE Defendants, was aware of each of the SEONG Patents.

23. Upon information and belief, at all times relevant, even after

actual notice, each of the Defendants, including each of the DOE Defendants, continued to import, use, advertise, offer for sale, or sell for subsequent sale in the United States, including within Illinois and this Judicial District, the infringing electrode wires that directly infringe one or more claims of the SEONG Patents.

24. Upon information and belief, at all times relevant, even after full knowledge of SEONG Patents, each of the Defendants, including each of the DOE Defendants, continued to import, use, advertise, offer for sale, or sell for subsequent sale in the United States, including within Illinois and this Judicial District, the infringing electrode wires that directly infringe one or more claims of SEONG Patents.

25. Upon information and belief, at all times relevant, the electrode wires imported, used, advertised, offered for sale, or sold for subsequent sale by each of the Defendants, including each of the DOE Defendants, compete directly with Plaintiffs' product made according to the SEONG Patents.

26. Upon information and belief, at all times relevant, each of Defendants, including each of the DOE Defendants, actively target customers of Plaintiffs with the intent to induce and contribute to the infringement of at least one claim of the SEONG Patents.

27. As a result of inducement and contributory infringement of at least one claim of the SEONG Patents by each of the Defendants, including each of the DOE Defendants and each of their respective distributors and customers directly infringe at least one claim of the SEONG Patents.

28. As a result of inducement and contributory infringement of at least one claim of each of the SEONG Patents by each of the Defendants, including each of the DOE Defendants, machinists use the infringing wires to directly infringe at least one claim of each of the SEONG Patents.

29. As a consequence of acts of infringement of one or more claims of SEONG Patents by each of Defendants, including each of the DOE Defendants, as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless Defendants pay damages and the Defendants' acts of infringement are enjoined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that:

A. Each of the Defendants, including each of the DOE Defendants, be declared and adjudged to have directly infringed, engaged in the contributory infringement of, and actively induced others to infringe one or more of the claims of each of the SEONG Patents, and therefore one or more of the SEONG Patents;

B. Infringement, contributory infringement, and active inducement of infringement of at least one or more of the claims of the SEONG Patents, and therefore one or more of the SEONG Patents, by each of the Defendants, including each of the DOE Defendants, be declared and adjudged to be willful and deliberate;

C. Each of the Defendants, including each of the DOE Defendants, and any of its officers, directors, agents, servants, employees, successors, assigns, and all those controlled by them or in active participation with them, be preliminarily and permanently enjoined from further acts of infringement of at least one or more of the claims of the SEONG Patents, and therefore one or more the SEONG Patents;

D. Each of Defendants, including each of DOE Defendants, be required to account for and pay over to Plaintiffs all actual damages suffered by Plaintiffs by reason of the respective Defendant's infringement, including without limitation lost profits and/or a reasonable royalty;

E. By reason of the willful and deliberate nature of the aforesaid infringing acts, such damages be trebled pursuant to 35 U.S.C. § 284;

F. By reason of the exceptional nature of this case within the meaning of 35 U.S.C. § 285, Plaintiffs be awarded their attorneys' fees;

G. Each of Defendants be ordered to pay to Plaintiffs' prejudgment and post judgment interest, and costs; and

H. This Court grants Plaintiffs such other further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: January 18, 2018                    Respectfully submitted,

                                                      KI CHUL SEONG, an individual, and
OPEC ENGINEERING CO., LTD.,
a Korean Corporation

Attorneys for Plaintiffs

/s/ John K. Park
John K Park, CA Bar #175212
*Motion to Appear Pro Hac Vice Pending*
Park Law Firm
3255 Wilshire Blvd., Suite 1110
Los Angeles, CA 90010
(T) 213-389-3777
(F) 213-389-3377
Email: park@parklaw.com

-11-

/s/ Samuel S. Bae
Samuel S. Bae, IL ARDC 6257863
Law Office of Samuel S. Bae
2720 South River Road, Suite 246
Des Plaines, Illinois 60018
(T) 847-813-6992
(F) 847-813-6993
Email: ssb@baelegal.com